UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STEVEN QUATTRIN,  No. 09-13410

                            Debtor(s).
_____/

STEVEN QUATTRIN,

                            Plaintiff(s),

        v.  A.P. No. 10-1167

TOTAL CAR FRANCHISING CORPORATION,

                            Defendant(s).
_____/

Memorandum After Trial
_____

    Defendant Total Car Franchising Corporation ("Total Car") is in the business of selling franchises of its car repair business. Franchisees provide minor body and paint services to car dealers and agree to pay part of their income to Total Car. Debtor and Plaintiff Steven Quattrin is a franchisee. Quattrin filed his Chapter 7 petition on October 16, 2009. The franchise agreement provided for a two year period of non-competition after termination of the agreement. The agreement was still in effect

1

when Quattrin filed his bankruptcy petition.

After bankruptcy, Total Car took steps to enforce the agreement. Originally, Quattrin sought damages for violation of the discharge injunction, declaratory relief that all his obligations under the franchise agreement were discharged, and a declaration that the non-competition clause is not enforceable under California law. The prayer for damages has been dismissed without prejudice on procedural grounds. The court will abstain from determining whether the non-competition clause is enforceable under California law, as that issue involves only state law and Quattrin's bankruptcy rights are not implicated. This leaves only the issue of whether the discharge injunction prohibits enforcement of a non-competition clause.

In addition to the unreported case cited by Quattrin, some bankruptcy courts have, in published decisions, held that non-competition agreements cannot be enforced after a bankruptcy discharge. See, e.g., *In re Kilpatrick*, 160 B.R. 560, 564 (Bankr.E.D.Mich.1993); *In re Ward,* 194 B.R. 703, 712 (Bankr.D.Mass.1996). However, two circuit courts of appeals have ruled the other way. *Kennedy v. Medicap Pharmacies, Inc.,* 267 F.3d 493 (6th Cir. 2001); *In re Udell,* 18 F.3d 403 (7th Cir. 1994). These are the only courts of appeals that have addressed the issue.

In most circumstances, the proper role for this court in the absence of Ninth Circuit authority is to follow the decisions of courts of appeals from other circuits. A lower federal court should only deviate under compelling circumstances from the interpretation placed on a federal statute by the only circuits to have spoken. *In re Berg*, 188 B.R. 615, 620 (9th Cir. BAP 1995). The court will accordingly follow *Kennedy* and *Udell* and declare that the non-competition agreement, to the extent enforceable under state law, is enforceable notwithstanding the bankruptcy discharge. Any liability for monetary damages as a result of pre-petition breaches has of course been discharged pursuant to § 523(a) of the Bankruptcy Code.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Total Car shall submit an appropriate form of judgment forthwith.

2

1   The judgment shall provide that the claim for damages is dismissed without prejudice, that Total Car
2   may not seek monetary damages for any prepetition violation of the non-competition clause, and that
3   the court abstains from determining the validity of the non-competition provision under state law so
4   long as legal proceedings are conducted in this county.

Dated: May 26, 2011

                                            Alan Jaroslovsky
                                            U.S. Bankruptcy Judge

3